United States Court of Appeals
Fifth Circuit

**F I L E D**

**August 4, 2005**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

No. 04-31062
Summary Calendar

GEESEY FERGUSON FUNERAL HOME, INC.,
On Its Own Behalf & Those Persons & Entities
Similarly Situated,

Plaintiff-Appellant,

versus

CENTENNIAL COMMUNICATIONS CORP.;
CENTENNIAL BEAUREGARD CELLULAR L.L.C.;
CENTENNIAL CALDWELL LICENSE CORP.;
CENTENNIAL HAMMOND CELLULAR L.L.C.;
CENTENNIAL MOREHOUSE CELLULAR L.L.C.;
CENTENNIAL LAFAYETTE COMMUNICATIONS
L.L.C.; LAFAYETTE CELLULAR TELEPHONE CO.,

Defendants-Appellees.

Appeal from the United States District Court for
the Western District of Louisiana
(USDC No. 6:04-CV-01013)

Before REAVLEY, HIGGINBOTHAM and CLEMENT, Circuit Judges.

PER CURIAM:[*]

---

[*]Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R.

Reviewing the record de novo, we affirm the district court's dismissal of appellants' suit for the following reasons:

1.      Section 7422 of the Internal Revenue Code provides the exclusive remedy for the erroneous or illegal collection of taxes thus preempting recoupment claims against a private entity. 26 U.S.C. § 7422(a), -(f)(1); *Sigmon v. Southwest Airlines, Co.,* 110 F.3d 1200, 1204 (5th Cir. 1997).

2.      Section 7422 requires aggrieved taxpayers to exhaust their administrative remedies with the Internal Revenue Service (IRS) before bringing suit against that agency for refunds. Because appellants failed to exhaust their administrative remedies and sued the wrong party, the district court properly dismissed the case.

3.      Whether or not a lawful agent, public or private, of the IRS is holding erroneously collected money or has remitted it to the IRS has no bearing on the application of section 7422. We agree with the Seventh Circuit that, where the government must refund improperly paid taxes to a claimant, whether or not the collector has forwarded those monies to the IRS is a matter between the collector and the government. *See Kaucky v. Southwest Airlines Co.,* 109 F.3d 349, 353 (7th Cir. 1997) (stating that the IRS has "a

47.5.4.

2

number of remedies" against its collection agents who fail to remit taxes that they collect).

3. Because determination of whether or not Centennial remitted the erroneously collected funds to the IRS has no bearing on the application of section 7422, the district court did not err in refusing consideration of evidence on that issue.

Affirmed.